his purchase. The pumps and one of the air compressors were the subject of a written "equipment loan agreement," received in evidence, entered into by Mobil Oil, as the owner-lender, and plaintiff, as the borrower, on September 9, 1975. Plaintiff testified that he was the owner of all of the articles in dispute and that he purchased them from Mobil Oil in April 1978.

During defendant's operation of the service station plaintiff removed one pump and installed dual pumps in its place. Plaintiff also removed one of the air compressors and replaced it with another. There was testimony that the various items of equipment were easily removable and that "the pumps were not affixed to the ground." There was no evidence that the land was damaged by plaintiff's removal of the items.

Defendant asked the court to take judicial notice of plaintiff's answer to an interrogatory in which plaintiff said that he owned the disputed items and that he had removed them in 1982 at the instance of defendant's real estate agent. Plaintiff also testified that he had not previously removed the items because "it is expensive to go in and remove them" and he had thought that the land "would again be a filling station."

Although portions of defendant's evidence tended to conflict with plaintiff's evidence (and also conflicted with defendant's counterclaim with respect to the time of removal), the trial court was justified in finding that defendant had not proved the disputed items to be fixtures and that plaintiff owned them and had not abandoned them.

Defendant's second point has no merit.

The judgment is affirmed.

GREENE, C.J., CROW, P.J., and MAUS and PREWITT, JJ., concur.

Charles E. HARVEY, Jr. A Minor by his mother and next friend Lindora HAMILTON, Appellant,

v.

OLD AMERICAN INSURANCE COMPANY, Respondent.

No. WD 34288.

Missouri Court of Appeals, Western District.

Jan. 17, 1984.

John R. Campbell, Jr., Kansas City, for appellant.

Martin J. Purcell, Elizabeth D. Badger, Bruce E. Baty, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, for respondent.

Before MANFORD, P.J., and CLARK and KENNEDY, JJ.

PER CURIAM.

ORDER

Appeal from summary judgment.
Judgment affirmed. Rule 84.16(b).

STATE of Missouri, Respondent,

v.

Kenneth R. KOETTING, Appellant.

No. WD 34348.

Missouri Court of Appeals, Western District.

Jan. 17, 1984.

Cenobio Lozano, Jr., Harrisonville, for appellant.

John Ashcroft, Atty. Gen., David C. Mason, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., SHANGLER, J., and TURNAGE, C.J.

## ORDER

PER CURIAM.

Appeal from conviction for passing a bad check in violation of Section 570.120, RSMo 1978 and sentence to 7 years imprisonment as a persistent offender, Section 558.016, RSMo 1978 (amended 1982).

Affirmed. Rule 30.25(b).

**STATE of Missouri, Respondent,**

v.

**Kenneth R. KOETTING, Appellant.**

**No. WD 34349.**

Missouri Court of Appeals,
Western District.

Jan. 17, 1984.

Cenobio Lozano, Jr., Harrisonville, for appellant.

John Ashcroft, Atty. Gen., David C. Mason, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., SHANGLER, J., and TURNAGE, C.J.

## ORDER

PER CURIAM.

Appeal from conviction for passing a bad check in violation of Section 570.120, RSMo 1978 and sentence to 7 years imprisonment

under the persistent offender statute, Section 558.016, RSMo 1978 (amended 1982).

Affirmed. Rule 30.25(b).

**STATE of Missouri, Respondent,**

v.

**Larry SLOAN, Appellant.**

**No. WD 34358.**

Missouri Court of Appeals,
Western District.

Jan. 17, 1984.

